# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VAIBHAV SINGH TOKAS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:25-cv-01754-SEP |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Vaibhav Singh Tokas's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [2], and Emergency Motion for Expedited Relief and Adjudication, Doc. [3]. Based on Plaintiff's financial information, the Court grants his application and waives his filing fee. For the following reasons, the Court dismisses this action with prejudice. All pending motions are denied as moot.

### FACTS AND BACKGROUND

This is Plaintiff's second time filing a complaint for writ of mandamus, declaratory, and injunctive relief arising out of his application to become a lawful permanent resident of the United States. Plaintiff filed a Violence Against Women Act (VAWA) self-petition with the United States Citizenship and Immigration Services (USCIS) on November 20, 2024, alleging domestic abuse, discrimination, and homelessness. *Tokas v. USCIS*, No. 4:25-cv-1740-SEP (E.D. Mo. filed Nov. 25, 2025) at Doc. [8] at 2. USCIS issued a prima facie determination confirming Plaintiff's basic eligibility but has not adjudicated the immigration petition.

Plaintiff first sought a Court order directing USCIS to conduct an expedited humanitarian review of his immigration petition. *See Id* at Doc. [1]. The Court denied the request for expedited review and dismissed the complaint because Plaintiff had not met the requirements for mandamus relief. *Id.* at Doc. [14]. Here, Plaintiff no longer seeks expedited humanitarian review of his petition but seeks a Court order compelling USCIS to adjudicate his immigration petition "within a reasonable time set by the Court." Doc. [1] at 7. He seeks adjudication of both a Form I-360 VAWA Self Petition and a Form I-484 Adjustment of Status Request. Doc.

[1] at 4. Along with his complaint, he has filed an emergency motion for expedited relief and adjudication, Doc. [3]. He cites his ongoing physical and mental health struggles and homelessness as reasons to order the prompt adjudication of his immigration petition.

## LEGAL STANDARD

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Subject matter jurisdiction refers to the court's power to decide a certain class of cases." *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.,* 915 F.2d 1171, 1174 (8th Cir. 1990). It may be raised at any time, and the Court has a duty to consider it *sua sponte*. *See Wilkins v. United States*, 598 U.S. 152, 157 (2023).

## DISCUSSION

On review of Plaintiff's complaint, the Court finds that 8 U.S.C. § 1252 deprives it of subject matter jurisdiction over this matter. That statute provides, in relevant part:

> [N]o court shall have jurisdiction to review—
>
> > (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
> >
> > (ii) **any other decision or action** of the Attorney General or the Secretary of Homeland Security **the authority for which is specified under this** subchapter **to be in the discretion** of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added). Because Plaintiff is not asking the Court to review a judgment, subsection (i) does not bar his suit. The question before the Court is whether subsection (ii) does.

The Eighth Circuit recently advised that § 1252(a)(2)(B)(ii) applies if two elements are present: "(1) a decision or action by the Attorney General or the Secretary of Homeland Security and (2) statutorily specified discretion under Subchapter II of Chapter 12 of Title 8 (8 U.S.C. §§ 1151–1381) (Subchapter II)." *Thigulla v. Jaddou*, 94 F.4th 770, 774 (8th Cir. 2024). In seeking adjudication of his VAWA self-petition under 8 U.S.C § 1229b(2) and his adjustment of status request under 8 U.S.C. § 1255(a), Plaintiff purports to challenge delay, and so the first question is whether the alleged delay qualifies as a "decision or action" for purposes of the

statute. Although the Eighth Circuit has not addressed whether a delay qualifies as a "decision" or "action" for purposes of § 1252(a)(2)(B)(ii) in precisely the factual scenario alleged in this case, it did recently hold that "§ 1252(a)(2)(B)(ii) bars this court's jurisdiction to review ***the decision to delay*** adjudicating [a] status adjustment application." *Thigulla*, 94 F.4th at 775 (emphasis added). In *Thigulla*, the "decision to delay" was announced as a change in the priority date for which the applicant's desired class of visa was immediately available, *id.* at 775, and the Eighth Circuit did not explicitly address whether or when a "delay" qualifies as a "decision." But nothing about the Court's application of § 1252(a)(2)(B)(ii) to "the decision to delay adjudicating the status adjustment application" in that case suggests any meaningful distinction between that case and this one.[1] *Id.* at 775. Thus, following *Thigulla*, the Court finds that each of the delays in adjudicating Mr. Tokas's applications qualifies as a "decision or action" for the purposes of § 1252(a)(2)(B)(ii).[2]

The second element of the § 1252(a)(2)(B)(ii) analysis—statutorily specified discretion under Subchapter II—is easily satisfied as to both of Plaintiff's applications. *Thigulla* holds that the process of adjudicating an adjustment of status claim under 1225(a), including setting a timeframe, is within the Attorney General's discretion. *Thigulla*, 94 F.4th at 775. And based on the statutory text, the same is true of a VAWA petition: "[T]he Attorney General *may* cancel removal of and adjust to the status of an alien lawfully admitted for permanent residence . . . ." 8 U.S.C. § 1229b(b)(1) (emphasis added). The use of the term "may" implies discretion, as does

---

[1] For example, the Court did not emphasize that the delay had been announced publicly or that it applied to a category of applicants or in any other way suggest that some delays in adjudicating applications might *not* qualify as "decisions" for purposes of § 1252(a)(2)(B)(ii).

[2] *See also Soni v. Jaddou*, 103 F.4th 1271, 1273 (7th Cir. 2024), *reh'g denied*, 2024 WL 3683115 (7th Cir. Aug. 6, 2024) ("setting priorities—for example, how many employees to assign to processing applications under this clause, as opposed to handling other duties—is an 'action'"); *see also, e.g.*, *Haydary v. Garland*, 2024 WL 4880406, at *5 (E.D. Mo. Nov. 25, 2024) (treating inaction in response to a request as a decision); *Chalamalesetty v. Jaddou*, 2023 WL 6387976 (D. Neb. Sept. 29, 2023), *aff'd*, 2024 WL 1920254 (8th Cir. Apr. 30, 2024), *cert. denied*, 145 S. Ct. 546 (2024) ("[T]he decision to do one thing, at a particular pace, instead of another thing is . . . not "inaction" with respect to the lower-priority task."); *Joshi v. Garland*, 728 F. Supp. 3d 1028 (D. Neb. 2024) ("plaintiffs suggest . . . that discretion doesn't include the discretion not to act. . . . But that argument is precluded by the Eighth Circuit's decision in *Thigulla*, which applied § 1252(a)(2)(B)(ii) to discretionary decisions about the decision-making process, not just the result.") (citation omitted); *cf. Solorio v. Miller*, 700 F. Supp. 3d 735,748 (D. Neb. 2023) ("§ 1182(a)(9)(B)(v) expressly strips the Court of jurisdiction to review how USCIS is prioritizing its work—whether to do one thing at a particular pace instead of another thing or its choice to consider applications in the order submitted—as that is an 'action . . . .'").

the statutory context. *See Thigulla*, 94 F.4th at 775 (noting the use of "may" and the Executive's broad discretion in the context of immigration); *see also Gonzalez v. Cuccinelli*, 985 F.3d 357, 366 (4th Cir. 2021) (noting the use of "may" and that "[a] principal theme of immigration law is protecting Executive discretion").

Because Plaintiff brings a challenge to discretionary agency actions that are removed from the Court's jurisdiction by 8 U.S.C. § 1252(a)(2)(B), this case must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **DISMISSED** with prejudice for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all motions pending in the case are denied as moot.

Dated this 6th day of December 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE