**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| VAIBHAV SINGH TOKAS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )    No. 4:25-cv-01754-SEP |
| | ) |
| U.S. CITIZENSHIP AND IMMIGRATION | ) |
| SERVICES, et al., | ) |
| | ) |
| Defendants. | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Alter or Amend Judgment.  Doc. [7].  For the reasons set forth below, the motion is granted.

### DISCUSSION

Federal Rule of Civil Procedure Rule 59(e) allows a court to correct mistakes in the time immediately following judgment.  "Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'"  *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1998)).

Plaintiff filed suit seeking an Order compelling the United States Citizenship and Immigration Services (USCIS) to adjudicate his immigration petition "within a reasonable time set by the Court."  Doc. [1] at 7.  The Court dismissed Plaintiff's Complaint with prejudice, explaining that 8 U.S.C. § 1252 deprives it of subject matter jurisdiction over discretionary decisions by USCIS, including whether to delay an adjudication like the one at issue here.  Doc. [6] at 3.  Plaintiff alleges that dismissing with prejudice for lack of subject matter jurisdiction was improper, and that the dismissal should have been without prejudice.  Doc. [7] at 4.

Though 8 U.S.C. § 1252(a)(2)(B) asserts that "no court shall have jurisdiction to review" the denial of discretionary relief at issue here, Plaintiff is correct that a "district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent." *County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004); *see also Slappendel v. Miller*, 2022 WL 17333382, at *1 (8th Cir. Nov. 30, 2022) (modifying dismissal to be without prejudice where court lacked subject matter jurisdiction over petition challenging unreviewable denial of immigration waiver); *Roth v. United States*, 476 F. App'x 95 (8th Cir. 2012) ("[W]e

agree with the district court that it lacked subject matter jurisdiction . . . but we clarify that the judgment is without prejudice.") (internal citations omitted).  The dismissal of Plaintiff's Complaint shall be amended to be without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Judgment, Doc. [7], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Memorandum and Order, Doc. [6], is **VACATED** to the extent it dismissed Plaintiff's Complaint with prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Ruling, Doc. [8], is **DENIED as moot**.

A separate Order of Dismissal will issue herewith.

Dated this 24th day of April, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

2